UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER BATES, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>GROUPON, INC., CHARLES RIVERBOAT COMPANY and BEAUTY AND BLISS LLC,<br><br>        Defendants. | Case No. 1:11-cv-10556 |

## CLASS ACTION COMPLAINT

Plaintiff Jennifer Bates ("Plaintiff") alleges the following upon personal knowledge as to her own transactions and upon information and belief (based upon, *inter alia*, investigation conducted by her attorneys) as to all other matters.

## INTRODUCTION

1.  Plaintiff brings this action on behalf of herself and other similarly situated consumers who purchased gift certificates from Groupon, Inc. ("Groupon"). Groupon-brand gift certificates (referred to and marketed as "Groupons") are sold and issued by Groupon with expiration dates that are deceptive and illegal under both federal law and the laws of Massachusetts.  Defendant Groupon issues such illegal gift certificates by working with local retailers and service providers such as Defendant Charles Riverboat Company ("Charles Riverboat") and Defendant Beauty and Bliss, LLC ("Beauty and Bliss").

1

2.        Defendant Groupon is an Internet-based company that claims to offer deeply discounted gift certificates ("50-90% off") to restaurants, bars, salons, spas, gyms, retail stores, dance classes, and other businesses.

3.        Defendant Groupon purports to offer discounts to customers by partnering with retail businesses that directly provide products or services sold through its gift cards.

4.        Defendant Groupon attempts to increase the sales volume of its retail partners by sending out "Daily Deal" emails highlighting and promoting those businesses' products and services to its massive subscription base comprised of tens of millions of consumers nationwide.

5.        Defendant Groupon partners with thousands of retail businesses around the country, from large, national companies to local businesses. "Daily Deals" are aimed at specific regional markets.

6.        Defendant Groupon and its retailer partners such as Defendants Charles Riverboat, Beauty and Bliss and Does (as hereinafter defined) share the revenue derived from the sale of gift certificates or "Groupons."

7.        Plaintiff and other consumers are offered a "Daily Deal" that purports to offer a significant discount on a certain business' regular price for a particular item or service. The "Daily Deal" or gift certificates do not become valid until a certain number of consumers accept the offer.

8.        If enough consumers agree to purchase a specified number of gift certificates for a particular "Daily Deal," the gift certificate then becomes "live," and Defendant Groupon charges each consumer the advertised discounted price.  Defendant Groupon then sends a confirmation email to each purchasing consumer with a link to its website for downloading and printing the

2

gift certificate, which then may be redeemed with the retail business within a specified, fairly limited, period of time.

9.      Once the "Daily Deal" is "live," subsequent customers can purchase gift certificates immediately.

10.     The Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.*, as amended by the Credit Card Accountability Responsibility and Disclosure Act (the "CARD Act"), specifically prohibit the sale and issuance of gift certificates, such as "Groupons," with expiration dates of less than five years after the date of issuance.

11.     Upon information and belief, Defendant Groupon and its retail partners sell and issue gift certificates with illegal expiration dates knowing that many consumers will not use the gift certificates prior to the expiration date, and that most consumers will not attempt to use the gift certificates after the passage of the stated expiration dates.

12.     Defendant Groupon's systematic placement of expiration dates on its gift certificates is deceptive and harmful to consumers.

13.     Consumers must act quickly to purchase gift certificates—usually within a 24-hour period.  As such, consumers, like Plaintiff, feel pressured and are rushed into buying the gift certificates and unwittingly become subject to the onerous sales conditions imposed by Defendant Groupon, including illegal expiration terms that are unconscionably short—often just a few months.

14.     Defendant Groupon and its retail partners rely on the fact that consumers often will not manage to redeem gift certificates before the limited expiration period.  Therefore, many consumers are left with a gift certificate with no value, despite already having paid for the particular service or product.

15.     Defendant Groupon and its retail partners obtain an enormous monetary windfall from the sale of gift certificates that are not redeemed before expiration, which is precisely the type of harmful business conduct that both Congress and the Massachusetts legislature intended to prohibit.

16.     While Defendant Groupon and its retail partners state that each gift certificate expires within months, they omit the material fact that the expiration dates are illegal, all the while Groupon's website states "[i]f there's anything unusual about a deal . . . we go out of our way to point it out."

17.     This material omission causes consumers such as Plaintiff and members of the proposed class to refrain from redeeming the gift certificates, or otherwise attempting to enforce the agreement,after their expiration dates have passed,

18.     Defendant Groupon further preys on unsuspecting consumers by including in its boilerplate terms and conditions an arbitration provision that contains a purported class action waiver in an attempt to further insulate itself from liability for its anti-consumer activities as part of its systematic scheme to dissuade or otherwise prevent consumers from bringing litigation to halt its illegal activity.

19.     Plaintiff, like many unsuspecting consumers nationwide, fell victim to Defendants' deceptive and unlawful conduct and purchased a gift certificate bearing an illegal expiration date.

20.     Based on the foregoing, Plaintiff, on behalf of herself and the Class, brings this class action against Defendant Groupon, Defendant Charles Riverboat, Defendant Beauty and Bliss and Defendants Does 1 through 100, inclusive (collectively, "Defendants"), for violations of the EFTA and M.G.L. c. 93A §§2, 9.

21.     Plaintiff seeks damages and equitable relief on behalf of herself and the Class, including but not limited to, compensatory and punitive damages, an order enjoining Defendants from selling and issuing gift certificates with expiration dates and other onerous terms, costs and expenses, Plaintiff's reasonable attorneys' fees and expert fees, and any additional relief that this Court determines to be necessary or appropriate to provide complete relief to Plaintiff and the Class.

## PARTIES

22.     At all times relevant to this matter, Plaintiff Jennifer Bates resided and continues to reside in Massachusetts. During the relevant time period, Ms. Bates received offers for discounted products and services from Defendant Groupon and purchased gift certificates based on representations and claims made by Defendant Groupon.

23.     The gift certificates purchased by Ms. Bates are subject to an illegal expiration date.

24.     Defendant Groupon is a Delaware corporation with its principal place of business in Chicago, Illinois. Defendant Groupon does business throughout the United States including in Massachusetts.  Defendant Groupon markets, sells, and issues its gift certificates to millions of consumers throughout the United States, including many thousands of consumers in Massachusetts.

25.     Defendant Charles Riverboat is a Massachusetts corporation with its principal place of business in Cambridge, Massachusetts.  Defendant Groupon, on behalf of Defendant Charles Riverboat and under an agreement with Defendant Charles Riverboat, marketed, sold and issued gift certificates for Charles Riverboat products to Class members.

26.        Defendant Beauty and Bliss is a Massachusetts limited liability company with its

principal place of business in Scituate, Massachusetts.  Defendant Groupon, on behalf of

Defendant Beauty and Bliss and under an agreement with Defendant Beauty and Bliss, marketed,

sold and issued gift certificates for Beauty and Bliss products to Class members.

27.        During the relevant time period, Ms. Bates received offers for discounted

products and services from the Defendants, and purchased gift certificates based on

representations and claims made by Defendants.

28.        The names and capacities of Defendants sued herein as Does 1 through 100,

inclusive, are presently unknown to Plaintiff who therefore sues these Defendants by fictitious

names.  Plaintiff will amend this Complaint to show their true names and capacities when they

have been ascertained.  Each of the Doe Defendants is responsible in some manner for the

conduct alleged herein.

## JURISDICTION AND VENUE

29.        This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28

U.S.C. §1332(d)(2).  The matter in controversy in this class action exceeds $5,000,000, exclusive

of interest and costs, and some members of the class are citizens of states other than the states in

which some Defendants are incorporated and have their principal places of business.

30.        This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S .C. §1367.

31.        This Court has personal jurisdiction over each Defendant because each conducts

substantial business in Massachusetts. Defendants have specifically marketed, sold and issued

gift certificates in Massachusetts, and they have sufficient minimum contacts with this district,

and/or sufficiently avail themselves of the markets in Massachusetts through their promotion,

sales, and marketing within this district to render the exercise of jurisdiction by this Court permissible.

32.     Venue is proper in this district pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

### A.     Defendants Promote, Sell and Issue Gift Certificates With Illegal Expiration Dates

33.     Since 2008, Defendant Groupon has maintained a "social promotions" website that promises consumers discounted deals on various products and services, purportedly through the power of "collective buying."

34.     To receive the deals offered by Defendant Groupon, consumers must sign up and provide their email addresses and other personal information to Defendant Groupon.

35.     Close to 40 million people worldwide reportedly have signed up to receive offers from Defendant Groupon.

36.     Each day, Defendant Groupon sends subscribers located in each of the cities in which it operates a "Daily Deal," which is an email promoting the particular products or services of the retail businesses with which it has partnered.

37.     To trigger and/or activate the "Daily Deals," a specified number of gift certificates for the particular product or service offered must be purchased by consumers.

38.     Defendant Groupon sends targeted "Daily Deal" emails to consumers in approximately 90 cities across the United States every day.

39.     To arouse consumer interest and create the urgency to buy gift certificates, Defendant Groupon offers the "Daily Deal" for a limited amount of time—usually a 24-hour

period. This creates a "shopping frenzy" among consumers who feel pressured to purchase gift certificates as quickly as possible.

40.     Consumers purchase gift certificates directly through Defendant Groupon's website using their credit or debit cards.

41.     Defendant Groupon also uses electronic social media, such as Facebook and Twitter, to promote and generate demand for its "Daily Deals," creating additional pressure among consumers to buy gift certificates before time runs out.

42.     Once Defendant Groupon sells the specified number of gift certificates for a particular "Daily Deal," the "Deal" is officially started, and consumers are charged for the purchase.

43.     Defendant Groupon subsequently sends a confirmatory email to purchasers with a link to its website, through which purchasers may download and print their gift certificates.

44.     Consumers may also purchase and download gift certificates directly to their mobile phones using an application available on Defendant Groupon's website as well as other places.

45.     The gift certificates may be directly redeemed with the retail businesses such as Defendants Charles Riverboat, Beauty and Bliss and Does who purport to offer the products and services indicated on the gift certificate.

46.     Defendants impose illegal expiration dates, among other onerous conditions, on each gift certificate they sell and issue. The expiration dates on gift certificates are frequently just a few months from the date of purchase.

47.     Defendants know that after they have driven consumers to purchase gift certificates as quickly as possible, many consumers ultimately will be unable to redeem the gift certificates before the expiration date.

48.     Accordingly, consumers often cannot take advantage of and/or use the product or service they paid for before the expiration date unilaterally imposed by Defendants. This results in a very substantial windfall for Defendants.

49.     In addition to imposing illegal expiration periods, Defendants impose other deceptive and unfair conditions on consumers.  Defendants require consumers to redeem gift certificates in the course of a single transaction.  Consumers therefore are forced to redeem their gift certificates all at once and cannot use their gift certificates for multiple transactions or on multiple occasions.

50.     Likewise, consumers cannot redeem any unused portion of gift certificates for the cash amount.  Defendants place unfair restrictions on the manner in which consumers can redeem the gift certificates for the products and services offered, even though consumers have already paid in full for such products and services.

**B.     Defendant Groupon's Retail Business Partners Agree to Sell Gift Certificates with Illegal Expiration Dates**

51.     Defendant Groupon focuses on two markets: (a) the consumers who wish to obtain the advertised products or services by purchasing gift certificates, and (b) the retail businesses who partner with Defendant Groupon to promote their products and services.  These retail businesses, such as Defendants Charles Riverboat, Beauty and Bliss and Does, are willing to work with Defendant Groupon and offer their products and services at a discount because Defendant Groupon promises to promote their products and services to its huge subscription base and guarantees them a specified volume of business.

9

52.     In fact, Defendant Groupon promises retail partners that its "Daily Deal" promotion will bring them new customers "overnight."

53.     Defendant Groupon partners with both local businesses and large, national companies. Defendants Charles Riverboat, Beauty and Bliss and Does joined forces with Defendant Groupon to promote gift certificates and offer "Daily Deals."

54.     All gift certificates were sold and issued with illegal expiration terms in violation of federal and state laws.

55.     Defendant Charles Riverboat, Defendant Beauty and Bliss and Defendants Does also worked with Defendant Groupon to promote and sell gift certificates with illegal expiration terms.

56.     Defendant Groupon's business model, particularly its ability to establish partnerships with retail businesses, depends in large part on its systematic use of illegal expiration dates.

57.     Defendant Groupon knows that its retail partners, such as Defendant Charles Riverboat, Defendant Beauty and Bliss and Defendants Does, are not willing to offer their products and services at a discount to consumers through the sale of gift certificates without an agreement to limit the time period for which consumers can redeem the gift certificates.

58.     Accordingly, Defendant Groupon and its retail partners continue to flout the law by imposing illegal expiration dates on the gift certificates sold to consumers even after being sued over the identical practices approximately one year ago.

59.     Upon information and belief, Defendant Groupon typically takes for itself half, or fifty percent (50%), on the sale of each gift certificate.

60.     Defendant Groupon reportedly made half a billion dollars from "Groupon" gift certificate sales in 2010 alone.

**C.     Plaintiff Jennifer Bates Purchased Charles Riverboat Gift Certificates and a Beauty and Bliss Certificate from Defendant Groupon With an Illegal Expiration Date**

61.     On or about August 1, 2010, Plaintiff Jennifer Bates received a "Daily Deal" e-mail offer from Groupon for a Charles Riverboat gift certificate.

62.     Under the terms of the "Daily Deal" offer, as set forth on Groupon's website, Ms. Bates was required to pay $8.00 to Groupon in exchange for a gift certificate redeemable for one Charles Riverboat tour.  The e-mail advertised that the value of the gift certificate was $16.00.

63.     Ms. Bates purchased three gift certificates for Charles Riverboat tours and made a payment of $24.00 to Groupon through Groupon's website.

64.     Plaintiff subsequently received an e-mail from Groupon confirming her purchase of the Charles Riverboat gift certificates.  The e-mail contained a link to Groupon's website from which Ms. Bates downloaded and printed the gift certificates.

65.     The gift certificates stated that they expired on October 15, 2010.

66.     Ms. Bates was unable to redeem the gift certificates before the termination of Defendant Groupon's expiration period.  After the expiration date, Ms. Bates requested that Groupon refund the money she spent on the gift certificates, but her request was denied, in contravention of the promise stated on Defendant Groupon's website: "If you contact us, we'll do what it takes to make things right - and we'll do it fast."  As such, Ms. Bates lost the money she spent on Defendant Groupon's gift certificates.

67.     On or about May 21, 2010, Plaintiff received a "Daily Deal" e-mail offer from Defendant Groupon for a Beauty and Bliss gift certificate.

68.        Under the terms of the "Daily Deal" offer, as set forth on Groupon's website, Ms. Bates was required to pay $33.00 to Groupon in exchange for a gift certificate redeemable for three laser hair-removal sessions.  The e-mail advertised that the value of the gift certificate was $325.00.

69.        Ms. Bates purchased three gift certificates for 9 laser hair-removal sessions and made a payment of $99.00 to Groupon through Groupon's website.

70.        Plaintiff subsequently received an e-mail from Groupon confirming her purchase of the Beauty and Bliss gift certificates. The e-mail contained a link to Groupon's website from which Ms. Bates downloaded and printed the gift certificates.

71.        The gift certificates stated that they expired on January, 31 2011.

72.        Ms. Bates was unable to redeem one of the gift certificates before the expiration date.  After the expiration date, Ms. Bates requested that Groupon refund the money she spent on the gift certificate, but her request was denied.  Thus, Ms. Bates lost $33.00, having received nothing in return for it.

**D.     Many Customers Are Frustrated by Defendant Groupon's Illegal Terms**

73.        Upon information and belief, thousands of consumers have lost money because of the expiration dates included on Defendants' gift certificates.

74.        The following quotations represent a small sampling of internet postings by customers of Defendant Groupon evidencing their frustrations with the illegal expiration dates imposed by Defendants:

        *

        Groupon charges advertisers so much that in the end it's not worth it. Customers
        buying certificates pay up front only to find out that the offer is very limited or

has expired. I would avoid Groupon and look for other savings from local vendors.

\*

This website is clearly a scam. The business model relies on customers purchases expiring and just taking their money. Each Groupon offer should clearly state when the purchase expires, in a way that can not be missed. Entirely dishonest business.

\*

Groupon is a scam. They sell vouchers, the businesses don't honour the vouchers then when you email Groupon they don't respond.

\*

How about the part where Groupons ads say you get coupons in your email box? or the part where they delete posts from their forums that point out issues with a deal? Those are deceptive practices. Giving a refund doesn't change the fact that you can't put an expiration on a gift card.

### E. Defendant Groupon's Unconscionable Arbitration Clause and Class Action Waiver

75.     Defendant Groupon, on behalf of itself and purportedly on behalf of its retail partners attempts through boilerplate terms and conditions to limit an aggrieved consumer's ability to pursue an action against them in court and instead forces the consumer's claim into arbitration.

76.     At the same time Defendant Groupon attempts to prevent consumers from bringing actions on behalf of a class of similarly situated individuals regardless of the *de minimus* amount of damages suffered by each individually aggrieved consumer.

77.     Defendant Groupon's inclusion of an overly broad and unconscionable arbitration clause that includes a class action waiver is part of its systematic scheme to prevent consumers from pursuing relief related to the illegal practices of Defendant Groupon and its retail partners,

including Defendant Charles Riverboat, Defendant Beauty and Bliss and Defendants Does,

because they know the cost of brining such an action is so cost-prohibitive that the illegal

conduct will remain unchallenged.

78.     The arbitration clause as a whole, specifically the class action waiver, violates

Massachusetts law because it is procedurally and substantively unconscionable.

79.     The class action waiver provision in the terms and conditions imposed by

Defendants: (a) provides that the costs associated with arbitration will be paid by Defendant

Groupon only in the event that the arbitrator finds the fees incurred through arbitration are cost

prohibitive when compared to the cost of litigation; (b) attempts to force disputes that involve

predictably small amounts of damages to arbitration when it is obvious or should be obvious that

no rational consumer or attorney would pursue such a small amount on an individual basis; (c)

makes it unlikely that an aggrieved consumer would be able to retain competent counsel to

pursue claims against Defendant Groupon and/or its retail partners, including Defendant Charles

Riverboat, Defendant Beauty and Bliss and Defendants Does, given the complexity and novelty

of the issues involved; and (d) lacks mutuality of consent  because it is extremely unlikely that

Defendants  would pursue a class action against its customers.

80.     Defendants' arbitration clause, and the class action waiver contained therein, is

unenforceable.

## CLASS ACTION ALLEGATIONS

81.     Plaintiff brings this nationwide class action lawsuit on behalf of herself and the

proposed Class members under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

82.     Plaintiff seeks certification of the following classes (collectively the "Plaintiff

Classes" or the "Classes"):

National Class

All persons in the United States who purchased or acquired a gift certificate from Groupon with an expiration date of less than five years from the date of purchase.

Plaintiff expressly reserves her right to amend this Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

Massachusetts Plaintiff Class

All persons in Massachusetts who purchased or acquired a gift certificate from Groupon with any expiration date.

Plaintiff expressly reserves her right to amend this Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

83.     **Numerosity.** The Plaintiff Class comprises millions of consumers throughout Massachusetts and the United States. The Class is so numerous that joinder of all members of the Classes is impracticable.

84.     **Commonality and Predominance.** Common questions of law and fact exist as to Plaintiff and all Class members and are predominant over any questions that affect only individual members of the Class.  These common questions of law and fact include, without limitation.

(a)     Whether Defendants sold and issued gift certificates subject to improper expiration dates;

(b)     Whether Defendants' imposition of expiration dates on gift certificates violates federal and/or Massachusetts laws;

(c)     Whether Defendants engaged in deceptive and unfair business and trade

practices related to the imposition of expiration dates on gift certificates and other

onerous terms and conditions;

(d)     Whether Plaintiff and Class members are entitled to compensatory

damages, including actual and statutory damages; and

(e)     Whether Plaintiff and Class members are entitled to declaratory, injunctive

and/or equitable relief.

85.     **Typicality.** Plaintiff's claims are typical of the claims of Class members. Plaintiff

and the members of the Plaintiff Class sustained damages arising out of Defendants' common

course of conduct in violation of law, as complained of herein. The damages of each Class

member were caused directly by Defendants' illegal conduct as alleged herein.

86.     **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Plaintiff

Class. Plaintiff is an adequate representative of the Plaintiff Class and has no interests adverse to

the interests of absent class members. Plaintiff has retained counsel who have substantial

experience and success in the prosecution of complex class action and consumer protection

litigation.

87.     **Superiority.** A class action is superior to other available means for the fair and

efficient adjudication of this controversy since individual joinder of all Class members is

impracticable.  Class action treatment will permit a large number of similarly situated persons to

prosecute their common claims in a single forum simultaneously, efficiently and without the

unnecessary duplication of effort and expense that numerous actions would engender.

Furthermore, the expenses and burden of individual litigants and the lack of knowledge of Class

members regarding Defendants' activities would make it difficult or impossible for individual

16

Class members to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.  The cost to the court system of adjudication of such individualized litigation would be substantial.  The trial and litigation of Plaintiff's claims will be manageable.

<strong><u>CAUSES OF ACTION</u></strong>

<strong>COUNT I</strong><br>
<strong>Violations of 15 U.S.C. § 1693l-1, The EFTA, As Amended By The CARD Act</strong><br>
<strong>(Against All Defendants)</strong>

88.    Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

89.    The EFTA, as amended by the CARD Act, under 15 U.S.C. § 1693l-1, prohibits the sale or issuance of gift certificates that are subject to expiration dates.

90.    Defendants sold and issued and/or agreed to sell and issue "Groupons," which are specifically defined as "gift certificates" under 15 U.S.C. § 1693*l*-1(a)(2)(B).

91.    15 U.S.C. § 1693*l*-1(a)(2)(B) defines a gift certificate as "an electronic promise that is

(i) redeemable at a single merchant or an affiliated group of merchants that share the same name, mark, or logo;

(ii) issued in a specified amount that may not be increased or reloaded;

(iii) purchased on a prepaid basis in exchange for payment; and

(iv) honored upon presentation by such single merchant or affiliated group of merchants for goods or services.

92.    "Groupons" constitute electronic promises that are: (a) redeemable at a single merchant or an affiliated group of merchants; (b) issued in a specified amount that may not be

17

increased or reloaded; (c) purchased on a prepaid basis in exchange for payment; and (d)

honored upon presentation by such single merchant or affiliated group of merchants for goods or

services.

93.      At all relevant times, Defendants' gift certificates were sold and issued to

consumers through electronic fund transfer systems established, facilitated, and monitored by

Defendant Groupon.

94.      Defendant Groupon's gift certificates are not exclusively issued in paper form.

Defendant Groupon provides an email link to consumers to download and print such gift

certificates and consumers may download gift certificates to their mobile phones or other

electronic devices through applications made available by Defendant Groupon.

95.      Defendants' gift certificates are marketed and sold to the general public and are

not issued as part of any loyalty, award, or promotional program.

96.       Defendants violated the EFTA by selling and issuing and/or agreeing to sell and

issue gift certificates with expiration dates less than five years from the dates of issuance.

97.      As a direct and proximate result of Defendants' unlawful acts and conduct,

Plaintiff and Class members were deprived of the use of their money that was charged, collected

and retained by Defendants through the sale of gift certificates with illegal expiration dates.

98.      Pursuant to 15 U.S.C. § 1693m, Plaintiff, on behalf of herself and the Class, seeks

a Court order for injunctive relief, as well as reasonable attorneys' fees and the cost of this

action.

**COUNT II**
**Violations of M.G.L. c. 93A §§2, 9**
**(On Behalf of the Massachusetts Plaintiff Class and Against All Defendants)**

99.     Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

100.    M.G.L. c. 93A §2 prohibits unfair methods of competition and unfair or deceptive acts in the conduct of commerce.

101.    An action is defined as being in violation of §2 if it is oppressive or unconscionable or if it violates a federal consumer protection statute that prohibits unfair or deceptive acts.

102.    Defendant Groupon's 24-hour purchasing period is an unconscionably and oppressively short period that required Plaintiff to make extremely fast purchasing decisions without being able to sufficiently consider the terms of the gift certificates she was purchasing.

103.    The expiration dates on the gift certificates Plaintiff purchased from Defendant Groupon were oppressive and unconscionable, some occurring only a few months after the date of issuance, well before Plaintiff could have an opportunity to redeem the gift certificates.

104.    Defendants unconscionably refused to refund the value of the expired gift certificates.  They thus deprived Plaintiff of the money she spent on the gift certificates as well as the value of the gift certificates, and prohibited her from deriving any value from her purchases.

105.    Defendants' gift certificates are unconscionably misleading to consumers as they fail to disclose that they contain illegal expiration dates.

106.    Defendants also violated a federal consumer protection statute, the EFTA, as described above.

19

107.     Defendants violated M.G.L. 93A §2 each time they sold a gift certificate with an expiration date to Plaintiff and/or any member of the Class.

108.     As a result of the Defendants' violations of M.G.L. 93A §2 as described herein, Plaintiff and the Class have suffered actual harm and seek recovery as provided M.G.L. 93A §9, including but not limited to all damages recoverable at law and attorneys' fees and costs.

109.     Pursuant to the requirements of M.G.L. 93A §2, Plaintiff sent a 30 day Demand Letter describing the unfair practices alleged here and the injury suffered, to Defendant Groupon, 30 days prior to filing this Complaint.  Plaintiff has received no answer from Groupon.

## COUNT III
### Breach of Contract
### (Against All Defendants)

110.     Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

111.     Plaintiff and members of the Class entered into contracts with Defendants for the sale of gift certificates.

112.     At no time prior to or after purchase did Defendants require Plaintiff or Class members to "click" to signify their assent to an expiration date, illegal or otherwise.

113.     The clause of the contract purporting to set out an "expiration date" is void as a matter of public policy and is unenforceable.

114.     Defendants have anticipatorily repudiated the contracts they entered into with Plaintiff and Class members by refusing to honor the contract after a certain date.

115.     Defendant Groupon states on its website that "[o]nce a Groupon reaches its expiration date, it loses its promotional value."

116.     Defendant Groupon, Defendant Charles Riverboat and Defendant Beauty and Bliss refused to honor their contracts with Plaintiff after the purported "expiration date," even though the term of the contract containing said date is not valid or enforceable.

117.     Defendants further breached their duty of good faith and fair dealing by intentionally adding expiration dates they knew or reasonably should have known were in violation of federal and state laws.

118.     Plaintiff and the Class members have complied with their obligations under their contracts with Defendants.

119.     Defendants' contractual breaches have caused Plaintiff and the Class economic injury and other damages.

## COUNT IV
### Quasi-Contract/Restitution
### (Against All Defendants)

120.     Plaintiff repeats and re-alleges each and every allegation contained above as if set forth herein.

121.     Plaintiff asserts this claim in the alternative to her claim of breach of contract, in the event that the Court determines that no contract exists..

122.     Defendants have received, and continue to receive, benefits at the expense of Plaintiff and the Class members, because Plaintiff and the Class members remitted to Defendants money in the expectation of the fulfillment of promises that Defendants refused and refuse to fully and faithfully fulfill.

123.     Defendants willfully, knowingly and/or recklessly sold and issued and/or agreed to sell and issue gift certificates that included terms containing illegal, unenforceable expiration dates.

21

124.     Defendants refused and refuse to honor their promises after certain dates and instead retain Plaintiff's and Class members' money paid for their gift certificates.

125.     As a direct and proximate result of Defendants' unlawful acts and conduct, Plaintiff and Class members were deprived of the use of their money that was unlawfully charged, collected and retained by Defendants.

126.     Plaintiff and the Class are therefore entitled to damages in restitution for the money that Defendant has unjustly received and retained in connection with the sale of the gift certificates.

## PRAYER FOR RELIEF

Plaintiff, individually and on behalf of the Class, prays for judgment and relief against Defendants as follows:

A.     For an order declaring this a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the proposed classes described herein and appointing Plaintiff to serve as class representative.

B.     For an order enjoining Defendants from continuing to sell and issue gift certificates and pursuing the above policies, acts, and practices related to the sale and issuance of such gift certificates;

C.     For an order requiring Defendants to fund a corrective advertising campaign in order to remedy their wrongful and illegal conduct;

D.     For an order awarding damages as restitution for, *inter alia*, the monies Defendants improperly acquired by Defendants' imposition of wrongful and illegal expiration dates;

E.      For an order requiring disgorgement of monies wrongfully obtained as a result of Defendants' improper and illegal conduct;

F.      For compensatory and punitive damages, including actual and statutory damages arising from Defendants' illegal conduct;

G.      For an award of reasonable attorneys' fees and all costs and expenses incurred in the course of prosecuting this action;

H.      For pre-judgment and post-judgment interests at the applicable legal rate; and

I.      For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 1, 2011            Respectfully submitted,

              /s/ Matthew E. Miller
Matthew E. Miller, BBO No. 559353
Charles J. LaDuca
Brendan S. Thompson
Victoria Romanenko
CUNEO GILBERT & LADUCA, LLP
507 C Street, NE
Washington, DC 20002
(202) 789-3960
(202) 789-1813 (fax)

Christopher M. Ellis
BOLEN ROBINSON & ELLIS
2nd Floor
202 South Franklin
Decatur, IL 62523
(217) 429-4296
(217) 329-0034 (fax)

Michael A. McShane
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco, CA 94105
Telephone: 415.568.2555
Facsimile: 415.576.1776

Charles E. Schaffer
LEVIN FISHBEIN SEDRAN &
BERMAN
Suite 500
510 Walnut Street
Philadelphia, PA 19106
(215) 592-1500
(215) 592-4663 (fax)

Clayton D. Halunen
Shawn J. Wanta
HALUNEN & ASSOCIATES
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 605-4098
(612) 605-4099 (fax)

**Attorneys for Plaintiff Jennifer
Bates**